**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RENE VALLECILLO** | **CIVIL ACTION NO.** |
| **VS.** | **JUDGE** |
| **McDERMOTT, INC.** | **MAGISTRATE** |
| | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORIGINAL COMPLAINT**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **Rene Vallecillo**, an individual of the full age of majority and citizen of the United States of America, who files this Complaint and respectfully alleges:

## I. PARTIES and JURISDICTION

1.

Made Defendants herein are:

(a) **McDERMOTT, INC.**, a Delaware corporation which may be served through its registered agent for service of process in the State of Louisiana: C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816. It is believed to be the owner, operator, and/or manager of the heavy-lift and deepwater lowering vessel, McDERMOTT DB50, and/or the employer of **Rene Vallecillo**.

(b) **McDERMOTT INTERNATIONAL, INC.**, a Panama corporation with its corporate headquarters in Houston, Texas, which may be served through the Louisiana Long Arm Statute on: McDermott International, Inc., 757 North Eldridge Parkway, Houston, Texas 77079, Attn: General Counsel. It is believed

to be the owner, operator, and/or manager of the heavy-lift and deepwater lowering vessel, McDERMOTT DB50, and/or the employer of **Rene Vallecillo**.

(c) **J. RAY McDERMOTT INTERNATIONAL VESSELS, LTD.**, a Cayman Island corporation which may be served through: Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, Georgetown, Grand Cayman KY1-9005, Cayman Islands. It is believed to be the owner, operator, and/or manager of the heavy-lift and deepwater lowering vessel, McDERMOTT DB50, and/or the employer of **Rene Vallecillo**.

2.

This Honorable Court has jurisdiction over the subject matter of this action pursuant to 46 U.S.C. § 30104 (Jones Act) and 28 U.S.C. § 1333 (admiralty).

3.

**Defendants** were doing business within the State of Louisiana and particularly within the jurisdiction of this Honorable Court (i.e., the Western District of Louisiana) at all relevant times. Accordingly, this Court has personal jurisdiction over **Defendants** and is a proper venue for this litigation.

## II. BACKGROUND

4.

At all relevant times, **Rene Vallecillo** was working for **Defendants** as a Jones Act Seaman and rigging supervisor onboard the heavy-lift and deepwater lowering vessel, McDERMOTT DB50, which is depicted in Image 1, below:



**Image 1: The heavy-lift and deepwater lowering vessel, McDERMOTT DB50**

5.

At all relevant times, McDERMOTT DB50 was owned, operated, and/or managed by **Defendants.**

6.

At all relevant times, McDERMOTT DB50 was conducting operations in the Gulf of Mexico approximately 220 miles from Port Fourchon, Louisiana.

7.

At all relevant times, McDERMOTT DB50 was a “vessel in navigation” for purposes of the Jones Act and the General Maritime Law.

8.

All work performed by **Rene Vallecillo** as a member of McDERMOTT DB50’s crew was in furtherance of **Defendants’** and McDERMOTT DB50’s mission.

## III. THE INCIDENT and INJURIES

9.

On or about April 20, 2016, **Rene Vallecillo** and other members of McDERMOTT DB50's crew were ordered to de-rig the recovery lifting sling from an ocean buoy and rig new slings necessary to relocate said ocean buoy to a material barge.

10.

The buoy was located on the deck of McDERMOTT DB50 and rigged to the vessel's heavy-lift crane by the recovery lifting sling.

11.

Pursuant to orders and directions given by their supervisor, **Rene Vallecillo** and two of his co-workers/crew members were transferred via the deck crane to the top of the buoy.

12.

Once the recovery sling was de-rigged, the crane operator proceeded to raise the sling, causing it to swing and get entangled with **Rene Vallecillo**'s safety lanyard, violently jerking him down on top of the buoy.

13.

Rene Vallecillo sustained severe and life-altering injuries to his right ankle and knee as a result of being jerked to the ground.

14.

Surgical intervention was necessary to address the injuries to **Rene Vallecillo's** right ankle and knee.

15.

**Rene Vallecillo** is presently receiving, and will continue to receive, medical treatment in

connection with this incident.

## IV. CLAIMS

16.

**Rene Vallecillo** brings claims against **Defendants** pursuant to the Jones Act and the General Maritime Law of the United States in connection with the aforementioned incident and injuries.

17.

Under the applicable law, **Defendants** are vicariously liable for the conduct, negligence, and/or fault of its employees and crewmembers of McDERMOTT DB50.

18.

Under the Jones Act, **Defendants** had a duty to provide **Rene Vallecillo** with a reasonably safe place to work. The incident and **Rene Vallecillo**'s injuries were caused by the negligence and/or fault of **Defendants** by breaching that duty in the following non-exclusive ways:

A. Failing to properly remedy one or more unreasonably dangerous conditions of or about McDERMOTT DB50;

B. Designing, creating, and/or permitting the existence of one or more unreasonably dangerous conditions of or about McDERMOTT DB50;

C. Failing to do what should have been done so as to avoid the incident set forth herein;

D. Negligent supervision, hiring, training, and/or entrustment of McDERMOTT DB50 and/or McDERMOTT DB50's crew;

E. Negligent orders by the master and/or supervisory personnel in charge of

McDERMOTT DB50;

F. Failing to comply with its responsibilities, whether imposed by contract or the law;

G. Failing to comply with government regulations pertaining to the safety of persons aboard vessels like McDERMOTT DB50, including but not limited to SEMS, USCG, and/or OSHA regulations, which additionally renders **Defendants** negligent *per se*;

H. Failing to provide its crewmembers with proper or adequate equipment to safely perform the assigned/required tasks; and,

I. Any and all other acts of negligence and/or fault established through discovery and/or shown at the trial of this matter.

19.

Under the General Maritime Law, **Defendants** had an absolute, non-delegable duty to furnish Plaintiff with a seaworthy vessel and crew, and it is strictly liable to **Rene Vallecillo** for breaching that duty in the following non-exclusive ways:

A. Failing to provide a vessel and crew which were reasonably fit and safe for their intended use;

B. Failing to properly remedy one or more unseaworthy conditions of or about McDERMOTT DB50;

C. Designing, creating, and/or permitting the existence of one or more unseaworthy conditions of or about McDERMOTT DB50;

D. Entrusting McDERMOTT DB50 to an incompetent or ill-trained crew;

E. Failing to have proper adequate equipment to safely perform the

assigned/required tasks; and,

F. Any and all other conditions or characteristics of McDERMOTT DB50 which rendered it not reasonably safe or fit for its intended use that are established through discovery and/or shown at the trial of this matter.

20.

On account of the injuries suffered by **Rene Vallecillo** while working in the service of McDERMOTT DB50, **Defendants** had and continue to have an absolute duty to provide him with maintenance and cure benefits. To the extent **Defendants** have breached or do breach that duty, they are liable to **Rene Vallecillo** under the General Maritime Law.

## V. DAMAGES, REMEDIES, and ENTITLEMENTS

21.

As a result of the injuries he sustained in the incident described herein, **Rene Vallecillo** is entitled to recover the following:

A. Past and future loss of wages, loss of earning capacity, and loss of fringe benefits;

B. Past and future physical pain and suffering;

C. Past and future mental pain and suffering;

D. Past and future disability;

E. Past and future disfigurement;

F. Past and future loss of enjoyment of life;

G. Past and future medical, hospital, and pharmaceutical expenses and needs;

H. Past and future loss of found;

I. Past and future loss of ability to perform household services;

J. Prejudgment interest from the date of the subject incident/loss;

K. Post-judgment interest from the date of judgment until paid; and,

L. Any and all other general and/or special damages recoverable under the applicable law(s) and to which **Rene Vallecillo** is found to be entitled.

22.

To the extent **Defendants** have or do arbitrarily and capriciously breach their duty to furnish maintenance and cure benefits, they are liable to **Rene Vallecillo** for all damages, including punitive damages and attorneys' fees associated with the breach.

23.

As an American seaman, **Rene Vallecillo** is entitled to proceed in this litigation without prepaying fees or costs or furnishing security therefor in accordance with 28 U.S.C. § 1916.

24.

**Rene Vallecillo** is entitled to a jury under the Jones Act and hereby requests a jury in accordance therewith, reserving his right to proceed in admiralty without a jury at a later date if he so elects.

25.

In conjunction with these proceedings, **Rene Vallecillo** is entitled to recover all court and litigation costs associated with this matter to the extent allowed by law.

## VI. PRAYER

**WHEREFORE**, claimant, **Rene Vallecillo**, prays that **Defendants, McDERMOTT, INC.**, **McDERMOTT INTERNATIONAL, INC., and J. RAY McDERMOTT INTERNATIONAL VESSELS, LTD.,** be cited and summoned to appear and answer same in the legal delays allowed by law, that after trial, there be judgment in his favor pursuant to the Jones Act and the General Maritime Law, and that there be judgment against **Defendants** jointly,

severally, and/or in solido in the full and true sum of an amount of damages, both general and special, as is reasonable in the premises plus prejudgment and post-judgment interest thereon from date of his injuries until paid, all costs of these proceedings, and all other just and equitable relief that is proper under the law.

Respectfully submitted,

**DOMENGEAUX WRIGHT ROY & EDWARDS, LLC**

s/Kaliste Joseph Saloom IV
Andrew J. Quackenbos (Bar Roll No. 31924) (T.A.)
Kaliste Joseph Saloom IV (Bar Roll No. 35996)
556 Jefferson Street, Suite 500
Lafayette, LA 70502
Telephone: (337)233-3033
Telefax: (337)232-8213
andrewq@wrightroy.com
josephs@wrightroy.com

***Attorneys for Plaintiff, Rene Vallecillo***

**SERVICE INFORMATION:**

**McDERMOTT, INC.**
Through its Registered Agent:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**McDERMOTT INTERNATIONAL, INC.**
757 North Eldridge Parkway
Houston, Texas 77079
Attn: General Counsel

**J. RAY McDERMOTT INTERNATIONAL VESSELS, LTD.**
c/o Intertrust Corporate Services (Cayman) Limited
190 Elgin Avenue, Georgetown, Grand Cayman KY1-9005
Cayman Islands